```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
CHARLES STORKE, et al.,       *

      Plaintiffs,             *
v.                                     CIVIL NO.: WDQ-05-1671
                              *
C.B. FLEET HOLDING COMPANY,
INCORPORATED, et al.,                             *

      Defendants.             *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION AND ORDER

Charles and Deborah Storke (the "Storkes") sued Defendants C.B. Fleet Holding Company, Incorporated and C.B. Fleet Company, Incorporated (collectively "Fleet"), The Great Atlantic & Pacific Tea Company, Inc. ("A&P"), Super Fresh Food Markets, Inc. ("Super Fresh Food Markets")and Super Fresh Food Store #565 ("Super Fresh Store #565") for various torts.  Fleet removed the suit to this Court.  Pending is the Storkes' motion for remand.  For the reasons discussed below, the Storkes' motion for remand will be granted.

I.   BACKGROUND

The Storkes reside in Cecil County, Maryland. Compl. at ¶¶ 1-2.  Fleet is incorporated and maintains its corporate headquarters in Virginia.  *Id*. at ¶¶ 3-4.  A&P is incorporated in Maryland, with its corporate headquarters located in New Jersey. *Id*. at ¶ 7.  Super Fresh Food Markets is incorporated in

1

Delaware, with its corporate headquarters located in Maryland, although Fleet contends that the corporate headquarters are located in New Jersey. *Id*. at ¶ 8; Notice of Removal at 3. Super Fresh Store #565 is a retail grocery store located in Delaware. *Id*. at ¶ 9. The Super Fresh Defendants are wholly-owned subsidiaries of A&P. *Id*. at 8.

Fleet manufactured, promoted, distributed, and sold an over-the-counter product known as Fleet Phospho-soda ("Phospho-soda"). *Id*. at 5. In November 2004, the Storkes bought two packages of Phospho-soda from Super Fresh Store #565 in preparation for Mr. Storke's colonoscopy. *Id*. at ¶ 11. On November 9, 2004, Mr. Storke used the Phospho-soda in accordance with the package instructions and his doctor's recommendation. *Id*. at ¶ 13. On November 10, 2004, Mr. Storke underwent a colonoscopy at Union Hospital of Cecil County in Elkton, Maryland. *Id*. at ¶ 14. After undergoing the colonoscopy, Mr. Storke became ill and was subsequently diagnosed with kidney disease. *Id*. at ¶¶ 15-16. The Storkes allege that Mr. Storke did not have kidney disease prior to his use of Phospho-soda. *Id*. at ¶ 17.

The Storkes allege that as a result of the Defendants' manufacture and sale of Phospho-soda, Mr. Storke has suffered physical injuries and the Storkes have suffered economic losses. The Storkes assert (1) strict liability - design defect/failure to warn; (2) negligence - failure to warn; (3) negligent

misrepresentation; (4) negligence - design defect; (5) deceptive acts or practices; (6) false advertising; (7) breach of express warranties; (8) breach of implied warranties; (9) fraud and deceit; and (10) loss of consortium and seek damages in excess of $75,000.

II   ANALYSIS

A.   The Storkes' Motion for Remand

On June 20, 2005, Fleet removed this case based on diversity of citizenship, asserting that the only nondiverse Defendant, A&P, was fraudulently joined for the sole purpose of destroying diversity.  The Storkes counter that because A&P was properly joined and colorable claims have been alleged against the Defendants, the case should be remanded to state court.

Because the federal courts are reluctant to interfere with matters properly before a state court, when considering a motion for remand, the district court strictly construes the removal statute and resolves all doubts in favor of remand. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

In order to prove that A&P was fraudulently joined and defeat the Storkes' motion for remand, the Defendants must establish either that: (1) "there is no possibility that the plaintiff[s] would be able to establish a cause of action against the in-state defendant in state court;" or (2) "there has been

outright fraud in the [plaintiffs'] pleading of jurisdictional facts." *Id.* (*quoting B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  In assessing whether a defendant was fraudulently joined, the court is not bound by the allegations in the pleadings, but may consider the entire record, and determine the basis of joinder by any means available. *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (*quoting Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

"The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in plaintiff's favor." *Marshall*, 6 F.3d at 232-33 (*citing Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).  A claim need not ultimately succeed to defeat removal; there must merely be a possibility that the plaintiff could succeed. *Id.* at 233 (*citing* 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353-54 (1985)).

1.   Maryland Law Applies

Maryland follows the doctrine of lex loci delicti choice of law rule in tort cases. *In re: Sabin Oral Polio Vaccine Products Liability Litigation*, 774 F. Supp. 952, 954 (D. Md. 1991).  The

4

rule requires tort actions to be governed by the substantive law of the state where the injury occurred. *Id*. Although the Storkes bought the Phospho-soda in Delaware, the injuries occurred in Maryland; thus, Maryland law applies in this action.

2.  Failure to Warn

Two causes of action asserted by the Storkes are strict liability and negligence for failure to warn. Under either theory of liability, a failure to warn claim requires (1) a duty to warn; (2) defendant breached that duty; (3) a direct causal connection between the defendant's failure and the alleged injuries; and (4) plaintiff was harmed. *Christian v. 3M*, 126 F. Supp. 2d, 951, 958 (D. Md. 2001)(*citing Higgins v. Diversey Corporation*, 998 F. Supp. 598, 604 (D. Md. 1997)).

Fleet contends that the Storkes have no cognizable claim against A&P, because as a retail seller, A&P owed no duty to the Storkes, and thus, A&P was fraudulently joined to destroy complete diversity of the parties. However, liability is extended to sellers upon proof of a defect in the product at the time it leaves the control of the seller. *See Phipps v. General Motors Corporation*, 278 Md. 337, 352 (Md. 1976); *Sewell v. Wrap-On Co., Inc.*, No. 92-1720, 1993 U.S. App. Lexis 1789, at *29 (4th Cir. 1993); *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 411 (D. Md. 2001). While the Storkes may not ultimately succeed

on their claims against A&P, there are sufficient allegations to suggest the possibility of success and defeat Fleet's contention that A&P was fraudulently joined.  Accordingly, this action was properly brought in the Circuit Court for Cecil County, Maryland.

CONCLUSION

For the reasons discussed above, the Storkes' motion for remand will be granted.

<u>December 19, 2005</u>                    <u>        /s/              </u>
Date                          William D. Quarles, Jr.
                              United States District Judge